# WESTMORELAND COUNTY,

## March Term, 1794.

### JACOB MACKLIN *v.* ROBERT TAYLOR.

*See the case of Lea v. Little, ante p. 192, and of Huston v. Ayres, post. 1 St. L. 36, 246. 1 St. L. 604.*

THE defendant, a justice of the peace, having, without the consent of the plaintiff, her father, married his daughter to *Enoch Varnum* ; the plaintiff brought an action of debt, on the act of assembly for the penalty of 50*l.* The writ was returnable to *March* term, 1793. Written notice of the action to the justice was proved.

The daughter and *Varnum* came to *Taylor's* houfe, a little after midnight, on *Monday* morning, in *December* 1792, and were there married by him. She was then fixteen years and a half old, and lived in her father's houfe. *Taylor* afked them why they had not her father's confent. They faid, they were in fuch circumftances, that it was not proper to have made public.

*Rofs*, for the defendant, offered to prove, that the girl told the juftice, that fhe was pregnant, and that *Varnum* was father of the child with which fhe was pregnant, and that her pregnancy could no longer be concealed, and to prove, that, in fuch cafes, the conftant practice had been for juftices to marry the parties.

PRESIDENT. The teftimony is altogether impertinent, and ought not to be admitted. Thefe circumftances are proper for the confideration of the father ; and, no doubt, would always be duly weighed by him. But to fuffer them to be given in evidence, as a juftification of the juftice, would be transferring to juftices, that parental control over young women, which policy and nature have referved to parents. As to the practice, it, being clearly unlawful, can be no juftification.

*Rofs*, then contended, that, by analogy to the cafe of fuits by hufbands againft other men, for criminal converfation with their wives, and, *a fortiori*, this being a penal action, it muft be proved by the profecutor, that his daughter is legitimate, or he muft be nonfuited.

*Young*, for the plaintiff, read 3 *Bla. Comm.* 139, 140. No body doubts of the marriage of the parents of this woman. But we will not offer proof, that is not neceffary.

PRESIDENT. The analogy ftated by Mr. *Rofs*, is incomplete. There is no legal tie between a man and a woman cohabiting without marriage ; and he has no more legal right to fleep with her, than any other man, who may procure her confent. Their cohabitation is an offence ; and, from this offence he fhall derive no rights or profit. But though the begetting of a baftard daughter be an offence, the maintenance, education, and protection of her is a duty ; and the rights arifing from this duty ought not to be curtailed. Common fenfe requires this, with a force that there is no legal diftinc-

1794.

tion to refift.  And if the putative or natural father can be comprehended within the word *parent*, which is the word ufed by this act of affembly, he ought to be intitled to the penalty for this offence.  We think he may be fo comprehended.  And I will ftate an analogy more accurate, and juftifying our opinion.  The act of parliament, to prevent the carrying away and marrying young women without confent of their parents, or thofe who have the keeping of them, impofes a punifhment by fine or imprifonment.  And on this act, the court of King's Bench granted an information for taking away a natural daughter, under the care of her putative father. So the cafe of illegitimate children has been held to be within the mifchiefs to be remedied by the *Englifh* marriage act.  We therefore hold, that it is unneceffary to prove the marriage of the parents, or the legitimacy of the daughter; but if Mr. *Rofs* defire it, we will referve the point, that he may, if he pleafe, argue it again.

*Rofs* then argued to the jury, that, when fathers withhold their confent unreafonably, juries ought to weigh the cafe, and might give lefs than 50*l.*

PRESIDENT.  If parents are unreafonable, the law provides a method of marrying without their confent, viz. according to the forms of their church.  If juries can give lefs, they may give more, than 50*l.*; but to give either lefs or more, would be making a new law, which neither courts nor juries can do.  There is no doubt in this cafe; and the verdict muft be for the plaintiff for 50*l.* precifely.

The jury found for the plaintiff 50*l.* debt with 6*d* damages and 6*d.* cofts.

No motion was made to fet this verdict afide; and, at another term, there was judgment on it.